**1194**

for ourselves by failing to repudiate the rule the panel adopts. In response to the defendants' argument that non-Spanish-speaking supervisors will be unable to supervise employees who speak Spanish during working hours, the panel offers a facile solution: "employ Spanish-speaking supervisors." 838 F.2d at 1043. This "let them eat cake" attitude masks a very serious problem: By deciding to speak another language during working hours, employees can limit who may qualify for supervisorial positions. If fluency in a second language is the sine qua non of supervisorial status, employees who are not bilingual, including other people of color, will be effectively eliminated from consideration for these coveted positions. Given the natural competition for supervisorial posts, *Gutierrez* may well exacerbate racial tensions. It is incomprehensible to me that this result is being reached in the name of a law designed to promote ethnic and racial harmony in the workplace.

Before NELSON, BOOCHEVER and BRUNETTI, Circuit Judges.

This case is withdrawn from submission pending disposition by the Supreme Court of *Consolidated Rail Corp. v. Railway Labor Executives' Ass'n* No. 88–1. *See* — U.S. ——, 109 S.Ct. 52, 102 L.Ed.2d 31 (1988) (certiorari granted to review Third Circuit's decision, published at 845 F.2d 1187 (3d Cir.1988)).

### Conclusion

The court errs gravely in failing to take this case en banc. I must therefore respectfully dissent.

**Emil B. MILO, M.D., and Donald L. Reid, M.D., Plaintiffs–Appellants,**

**v.**

**CUSHING MUNICIPAL HOSPITAL, an Oklahoma non-profit corporation, d/b/a Cushing Regional Hospital, et al., Defendants–Appellees.**

No. 86–1519.

United States Court of Appeals, Tenth Circuit.

April 22, 1988.

**AIR LINE PILOTS ASSOCIATION, IN-TERNATIONAL, Plaintiff–Appellant,**

**v.**

**ALASKA AIRLINES, INC., Defendant–Appellee.**

No. 87–4167.

United States Court of Appeals, Ninth Circuit.

Argued Nov. 3, 1988.

Decided Dec. 2, 1988.

the clerks' counter. This is a total red herring. The rule announced in this case covers far more than the peculiar situation at the Southeast Los Angeles Municipal Court. Under the majority's

rationale, any two employees who speak the same second language and are working for the same employer can insist on conversing in that language during working hours.